WILLIAMS, Judge.
This is an appeal from a decision of the Civil Service Commission affirming appellant Donald Robinson’s dismissal from the New Orleans Police Department.
On August 6,1983, the police department obtained a warrant to search appellant’s apartment. The search yielded two quaa-lude tablets and some marijuana “gleanings.” Robinson was suspended as a result of the search. Two months later, while still under suspension, Robinson consented to a urinalysis test conducted by the police department. The test indicated that appellant had ingested marijuana. A test conducted the next day by Robinson’s personal physician was negative. The test conducted by the police department, however, was done twice in order to obtain a more accurate result; the test conducted by appellant’s physician was not corroborated.
Robinson’s dismissal was predicated on three instances of misconduct: (1) on two occasions he took tablets to the police department crime lab for analyses and failed to file a report on his possession of these tablets, as required; (2) the drugs uncovered during the search of his residence; and (3) his failure to answer truthfully when asked if he were using drugs, as evidenced by the results of the urinalysis.
Robinson offered contradictory evidence or explanations for each of these charges. He claimed that the drugs found in his apartment could have been placed there by a number of people: other officers and friends had access to the apartment, and it was used as a “crash pad.” He also claimed that it was not unheard of for an analysis to be made on drugs without a report and confusion about the exact reporting procedure existed within the department. Finally, he argues that the urinalysis conducted by his doctor was no less probative because of the failure to perform a second test.
A decision of the Civil Service Commission will not be disturbed absent a showing that it is arbitrary and capricious. Walters v. New Orleans Police Department, 454 So.2d 106 (La.1984).
We have reviewed the evidence as presented at the hearing below, and find that the decision dismissing Robinson was neither arbitrary nor capricious. Evidence was introduced to support each of the allegations presented by the police department. *497 Although appellant presented contradictory-evidence, it was not error for the Civil Service Commission to reject that evidence in favor of the evidence introduced by the police department. We have reviewed the testimony and other evidence presented and find that there is no error in the Commission’s decision to affirm the dismissal of Donald Robinson from the New Orleans Police Department.
For the foregoing reasons, the decision of the Civil Service Commission is AFFIRMED.
AFFIRMED.